USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES,                         :
                         Plaintiff,    :
                                       :      05 Cr. 1262-09
           -v-                         :         (DLC)
                                       :
HECTOR JESUS ESPINEL-CARDOZO,          :      MEMORANDUM OPINION
                         Defendant.    :      AND ORDER
-------------------------------------- X

DENISE COTE, DISTRCT JUDGE:

   On January 8, 2008, Espinel-Cardozo pleaded guilty pursuant to a written plea agreement to one count of conspiracy to import five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 959, 960(a)(1) & b(1)(B), and 963. In the agreement, Espinel-Cardozo waived his right to appeal, challenge, or litigate any sentence of 168 months or less. On April 11, 2008, Espinel-Cardozo was sentenced principally to a term of 70 months' imprisonment. The judgment of conviction was entered on April 14. Espinel-Cardozo did not appeal.

   A "Motion Requesting Additional Sentence Adjustment for Extremely Harsh Pre-Sentence Conditions of Detention" was received directly from the defendant on October 31. Describing his imprisonment before extradition in Colombia's Combita prison, Espinel-Cardozo requests an additional downward departure. Espinel-Cardozo states that his attorney's performance "failed to meet an objective standard of

reasonableness," citing Strickland v. Washington, 466 U.S. 668, 688 (1984).

Espinel-Cardozo's motion could be construed as a request for an extension of the ten-day time limit for filing a notice of appeal. Rule 4(b)(4) of the Federal Rules of Appellate Procedure allows the district court to extend a defendant's time to file a notice of appeal by thirty days. This rule provides that

> [u]pon a finding of excusable neglect or good cause, the district court may-- before or after the time has expired, with or without motion and notice-- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). When a criminal defendant files a notice of appeal "after the ten day deadline, but before the expiration of the thirty-day grace period," the district court should treat the notice "as a request for an extension." United States v. Montoya, 335 F.3d 73, 74 (2d Cir. 2003).

As a notice of appeal, Espinel-Cardozo's submissions, filed more than ten days after entry of his judgment of conviction on April 14, 2008, are untimely. Construed as a request for an extension of time to file a notice of appeal, it is also untimely.

Espinel-Cardozo's motion could be recharacterized as a petition for a writ of habeas corpus, pursuant to Section 2255

2

of Title 28, United States Code, raising a claim based on his counsel's failure to file a notice of appeal and to raise certain arguments at his sentence. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003) (abrogated on other grounds by United States v. Frias, 521 F.3d 229, 231 (2d Cir. 2008)). A habeas petition brought pursuant to Section 2255, however, "is not a substitute for direct appeal," and a defendant who did not raise his claims on appeal will be barred from raising them for the first time in a habeas petition unless he can demonstrate either "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005).

Although the claim raised by Espinel-Cardozo could be understood as a petition for habeas corpus, such a conversion may not be accomplished without the consent of the defendant. The Anti-Terrorism and Effective Death Penalty Act, enacted in April 1996, severely limits a petitioner's ability to bring second or successive petitions for habeas corpus.[1] As a result,

---

[1] Section 2255 provides that a second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases

3

the district court must notify the pro se
litigant that it intends to recharacterize
the pleading, warn the litigant that this
recharacterization means that any subsequent
§ 2255 motion will be subject to the
restrictions on "second or successive"
motions, and provide the litigant an
opportunity to withdraw the motion or to
amend it so that it contains all the § 2255
claims he believes he has. If the court
fails to do so, the motion cannot be
considered to have become a § 2255 motion
for purposes of applying to later motions
the law's "second or successive"
restrictions.

Castro v. United States, 540 U.S. 375, 383 (2003); see also Simon v. United States, 359 F.3d 139, 139 (2d Cir. 2004). The notification requirement is based upon a concern "that a prisoner may be unaware that such a proposed conversion can trigger the AEDPA's gate-keeping limitations." Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004).

CONCLUSION

Espinel-Cardozo is instructed to inform the Court no later than January 30, 2009, whether he consents to a recharacterization of his motion as a petition for a writ of habeas corpus pursuant to Section 2255. If he consents to that recharacterization, he should include all of the claims that he

---

on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (2008).

4

wishes to be considered in his habeas petition. Should he not so consent, the October 31 motion shall be denied and Espinel-Cardozo is advised that any Section 2255 petition must be filed within one year of the date his judgment of conviction became final.

SO ORDERED:

Dated:   New York, New York
         December 15, 2008

_____
DENISE COTE
United States District Judge