```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :    05 Cr. 1262-09
                                        :         (DLC)
          -v-                           :
                                        :    MEMORANDUM OPINION
HECTOR JESUS ESPINEL-CARDOZO,           :        & ORDER
                                        :
               Defendant.               :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Hector Jesus Espinel-Cardozo ("Espinel") has moved to reduce his sentence. For the following reasons, the motion is denied.

Background

Espinel participated in a drug trafficking organization in Colombia in 2006. He was arrested and imprisoned in Colombia in August 2006, and indicted in the Southern District of New York on September 15, 2006. He was extradited and arrived in the United States on October 23, 2007.

Espinel pleaded guilty, pursuant to a plea agreement with the Government ("Agreement"), on January 8, 2008, to conspiring to import five kilograms and more of cocaine into the United States, in violation of 21 U.S.C. § 846. In the Agreement the parties stipulated that a sentence within a guidelines range of 135 to 168 months' imprisonment would be reasonable. In

executing the Agreement, Espinel waived his right to appeal or challenge his sentence so long as the sentence did not exceed 168 months' imprisonment.  The Agreement reflected an offense level of 38, but reserved for Espinel the right to argue that he was a minor participant in the offense of conviction.  As a minor participant, Espinel would be entitled to a reduction of his base offense level from 38 to 34, and a two-level role adjustment.

On April 11, 2008, Espinel was sentenced to a term of imprisonment of 70 months, the bottom of the guidelines range that the parties agreed at the time of sentence was the appropriate guidelines range.  This range, which was substantially below that contained in the Agreement, reflected the minor role adjustment discussed in the Agreement and the corresponding reduction of the offense level to level 34.  Espinel did not appeal.

On May 16, 2008, Espinel filed a motion for immediate deportation.  The motion was denied on August 11, 2008.  On October 31, 2008, Espinel filed a motion requesting an additional sentence adjustment because of the harsh conditions he suffered while incarcerated in Colombia pending extradition.  When given an opportunity to consent to the recharacterization of the motion as a habeas petition, Espinel withdrew the motion.  The motion was terminated on February 12, 2009.

On May 5, 2010, Espinel filed the instant motion for modification of his sentence.  The Government responded on June 3.  On July 14, Espinel filed his reply.

## Discussion

Espinel moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and explicitly rejects conversion of the motion into a petition for a writ of habeas corpus.  Espinel argues that his base offense level should have been capped at 30 because he was entitled to the benefit of a 2002 amendment to the Sentencing Guidelines at the time of his sentencing in 2008.  Specifically, he asserts that Amendment 640 to the Sentencing Guidelines, effective November 1, 2002, should have been used at his sentence, and not the Sentencing Guidelines that reflect Amendment 688, effective November 1, 2004.  He contends that Amendment 688 should not have been applied since it went into effect after the commencement of the drug conspiracy in which he participated during 2006, and for which he was convicted and sentenced in 2008.  Both of these amendments address the capping of a defendant's base offense level when the defendant is eligible for a mitigating role adjustment.

In his motion, Espinel principally argues that the role adjustment he received at sentence was inadequate to account for his minimal role in the crimes.  He points out as well that the

3

sentence did not adequately reflect that he did not commit his first crime until the age of 49, his good character and generally law-abiding life, the impact of the conviction on his family, his arthritis and other medical problems, and the harshness of his detention pending extradition for fourteen months in the Colombian prison Combita, among other things.

In opposition to the motion, the Government explains in detail why no provision of § 3582(c), including subsection (2), applies here.  Subsection (2) permits modification of a sentence when that sentence was based on "a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  18 U.S.C. § 3582(c)(2).  Espinel has not identified any pertinent sentencing range enacted after his sentencing that would have lowered his guidelines range.  Amendment 688 became effective before Espinel's sentence.  Moreover, Espinel argues that Amendment 688 had the effect of raising his guidelines range.

In reply, Espinel concedes that his motion is not properly brought pursuant to § 3582(c).  He nonetheless requests a modification of his sentence on the ground that the conditions of his Colombian confinement in Combita were deplorable.

Espinel's motion must be denied.  His plea agreement included a waiver of any challenge to his sentence so long as his sentence did not exceed 168 months' imprisonment.  He was

sentenced substantially below that term of imprisonment. Morevoer, Espinel has identified no legal basis to permit his resentencing.

## Conclusion

Espinel's May 5, 2010 motion for modification of his sentence is denied. In addition, the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

Dated:   New York, New York
         December 14, 2010

                                                DENISE COTE
                                    United States District Judge